## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 18-2384

ELIZABETH GOZY and JOHN W. SMITH, on behalf of themselves and others similarly situated,

  Plaintiffs,

v.

CREDIT CONTROL SERVICES, INC.,

  Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

### Nature of the Action

1. This is a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Upon information and good faith belief, Defendant routinely violates the TCPA at section 227(b)(1)(A)(iii) by using an automatic telephone dialing system and an artificial or prerecorded voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service, without prior express consent, in that it places autodialed calls, accompanied by an artificial or prerecorded voice, to wrong or reassigned telephone numbers.

1

3.     Moreover, upon information and good faith belief, Defendant routinely violates the FDCPA at section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to call consumers for the purpose of debt collection even after being informed that it is calling the wrong person.

### Jurisdiction and Venue

4.     This Court has jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5.     Venue is proper before this Court under 28 U.S.C. § 1391(b), as some of the acts and transactions giving rise to Plaintiffs' action occurred in this district, and as Defendant transacts business in this district.

### Parties

6.     Elizabeth Gozy is a natural person who resides in Adams County, Colorado.

7.     Ms. Gozy is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     John Smith is a natural person who resides in Sacramento County, California.

9.     Mr. Smith is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.     Ms. Gozy and Mr. Smith are together referred to as "Plaintiffs."

11.     Credit Control Services, Inc. ("Defendant") is a debt collection company based in Norwood, Massachusetts.

12.     Defendant operates by the trade name "Credit Collection Services."

13.     Defendant "represents high profile creditors nationally, and has been servicing volume based referrals for decades."[1]

14.     Defendant bills itself as "one of the nation's largest and most successful collection firms in [its] industry."[2]

15.     Defendant boasts of "facilities and leading edge call center technology that is recognized as best in class. Not only have we mastered complex servicing requirements, we continue to invest in the latest system technology to provide the highest performance levels possible."[3]

16.     Further, Customer Contact Solutions—a sister company operating under the same corporate umbrella—offers "a complete multi-channel contact center; operating state of the art call centers with highly trained service representatives together with a proprietary AVM [Automated Voice Messaging] platform which can generate millions of contacts daily. All personnel, hardware, software and AVM equipment is resident in-house."[4]

17.     That is, "[w]hether the campaign is live agent, AVM, or a skillful combination of the two approaches, [Customer Contact Solutions] will develop

---

[1]      *See* https://www.ccsusa.com/usa.html (last visited September 18, 2018).

[2]      *See* https://www.ccsusa.com/usa.html (last visited September 18, 2018).

[3]      *See* https://www.ccsusa.com/usa.html (last visited September 18, 2018).

[4]      *See* https://www.ccsusa.com/crm.html (last visited September 18, 2018).

scripting/dialing strategies that will maximize customer contact rates and optimize campaign results."[5]

18.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual allegations

19.     Beginning in 2017, Defendant placed a number of calls to Ms. Gozy's cellular telephone number—(720) XXX-5380.

20.     Ms. Gozy is the subscriber to, and pays the monthly bill for, her cellular telephone number.

21.     Ms. Gozy has had the same cellular telephone number since approximately November 2016.

22.     Defendant placed at least one call to Ms. Gozy's cellular telephone number on March 22, 2017, March 25, 2017, March 29, 2017, April 1, 2017, April 4, 2017, April 7, 2017, and April 11, 2017.

23.     Defendant placed its calls to Plaintiff's cellular telephone number from (603) 363-1012, a telephone number assigned to Defendant.

24.     Upon information and good faith belief, Defendant's records will show additional calls it placed, or caused to be placed, to Ms. Gozy's cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

---

[5]     *See* https://www.ccsusa.com/crm.html (last visited September 18, 2018).

4

25.     Ms. Gozy answered at least two of Defendant's calls, and on both occasions she was greeted with an artificial or prerecorded voice asking for someone other than her.

26.     That is, Defendant's calls to Ms. Gozy were intended for a recipient other than Ms. Gozy—someone named "Shanequa."

27.     Likewise, beginning in 2017, Defendant placed several calls to Mr. Smith's cellular telephone number—(916) XXX-8959—looking for someone other than him.

28.     Mr. Smith is the subscriber to, and pays the monthly bill for, his cellular telephone number.

29.     Mr. Smith has had the same cellular telephone number since approximately December 2016.

30.     Defendant placed at least one call to Mr. Smith's cellular telephone number on August 24, 2017, August 30, 2017, September 5, 2017, September 11, 2017, September 12, 2017, September 18, 2017, September 22, 2017, September 23, 2017, September 29, 2017, October 5, 2017, October 6, 2017, October 11, 2017, October 17, 2017, October 23, 2017, October 24, 2017, October 31, 2017, November 3, 2017, November 4, 2017, and November 10, 2017.

31.     Defendant placed its calls to Plaintiff's cellular telephone number from (603) 957-4026, a telephone number assigned to Defendant.

32.    Upon information and good faith belief, Defendant's records will show additional calls it placed, or caused to be placed, to Mr. Smith's cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

33.    Mr. Smith answered at least two of Defendant's calls.

34.    When answering these calls, Mr. Smith recalls being greeted with an artificial or prerecorded voice stating something like, "If you're [someone else's name], please press '1.' If not, please hang up."

35.    Though Defendant was looking for someone else whose name he cannot recall, Mr. Smith still pressed a button to speak with one of Defendant's representatives.

36.    Mr. Smith indicated to the representative that he was not the person for whom Defendant was calling.

37.    Nonetheless, Defendant continued to place several more calls to Mr. Smith's cellular telephone number even after he had specifically informed Defendant that it was calling the wrong telephone number.

38.    Defendant placed all of the above-referenced calls to Plaintiffs in an effort to contact and collect a debt allegedly owed by third parties unknown to them.

39.    Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an

artificial or prerecorded voice, Defendant placed its calls to Plaintiffs' cellular telephone numbers by using an automatic telephone dialing system.

40.    Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiffs' cellular telephone numbers by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

41.    Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiffs' cellular telephone numbers by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when an agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone*

7

*Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

42.   Defendant used an artificial or prerecorded voice during at least two telephone calls to Ms. Gozy and at least two separate telephone calls to Mr. Smith.

43.   Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers for non-emergency purposes.

44.   Upon information and good faith belief, Defendant placed its calls to Plaintiffs' cellular telephone numbers voluntarily.

45.   Upon information and good faith belief, Defendant placed the calls to Plaintiffs' cellular telephone numbers under its own free will.

46.   Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to place its calls to Plaintiffs' cellular telephone numbers.

47.   Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system or an artificial or prerecorded voice to place its calls to Plaintiffs' cellular telephone numbers.

48.   Ms. Gozy is not, nor was, one of Defendant's customers.

49.   Mr. Smith is not, nor was, one of Defendant's customers.

50.     Ms. Gozy does not, nor did, have a business relationship with Defendant.

51.     Mr. Smith does not, nor did, have a business relationship with Defendant.

52.     Ms. Gozy did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

53.     Mr. Smith did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

54.     Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiffs' cellular telephone numbers.

55.     Plaintiffs suffered actual harm as a result Defendant's calls at issue in that they suffered an invasion of privacy, an intrusion into their lives, and a private nuisance.

56.     As well, Defendant's calls at issue unnecessarily tied up Plaintiffs' cellular telephone lines.

57.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system or an artificial or prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

9

**Class Action Allegations**

58.     Plaintiffs bring this action as a class action pursuant to Federal Rule

of Civil Procedure 23 on behalf of two classes of similarly situated individuals:

**TCPA Class**

All persons and entities throughout the United States (1) to whom
Credit Control Services, Inc. placed a call, (2) directed to a number
assigned to a cellular telephone service, but not assigned to the
intended recipient of Credit Control Services, Inc.'s call, (3) by using
an automatic telephone dialing system or an artificial or prerecorded
voice, (4) within the four years preceding the date of this complaint
through the date of class certification.

**Debt Collection Class**

All persons throughout the United States (1) to whom Credit Control
Services, Inc. placed, or caused to be placed, a call, (2) within one
year preceding the date of this complaint through the date of class
certification, (3) and in connection with the collection of a consumer
debt, (4) after the called party informed Credit Control Services, Inc.
that it was calling the wrong person or otherwise instructed Credit
Control Services, Inc. to stop placing calls to his or her telephone
number.

59.     Excluded from the classes are Defendant, its officers and directors,

the members of their immediate families and their legal representatives, heirs,

successors, or assigns, and any entity in which Defendant has or had a

controlling interest.

60.     The proposed classes are so numerous that, upon information and

belief, joinder of all members is impracticable.

61.     The exact number of members of the classes is unknown to Plaintiffs

at this time and can only be determined through appropriate discovery.

62.     The proposed classes are ascertainable because they are defined by reference to objective criteria.

63.     In addition, and upon information and belief, the cellular telephone numbers of all members of the classes can be identified in business records maintained by Defendant and third parties.

64.     Plaintiffs' claims are typical of the claims of the members of the classes because all of the class members' claims originate from the same conduct, practice, and procedure on the part of Defendant, and Plaintiffs possess the same interests and have suffered the same injuries as each class member.

65.     Like all members of the proposed TCPA Class, Plaintiffs received autodialed calls from Defendant featuring artificial or prerecorded voices, without their consent, at their cellular telephone numbers, in violation of 47 U.S.C. § 227.

66.     Further, like all members of the proposed Debt Collection Class, Plaintiffs received telephone calls from Defendant in connection with the collection of a consumer debt that they did not owe.

67.     Plaintiffs will fairly and adequately protect the interests of the members of the classes and have retained counsel experienced and competent in class action litigation.

68.     Plaintiffs have no interests that are irrevocably contrary to or in conflict with the members of the classes that they seek to represent.

69.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

70.     Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

71.     There will be little difficulty in the management of this action as a class action.

72.     Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the classes.

73.     Among the issues of law and fact comment to the classes:

   a. Defendant's violations of the TCPA as alleged herein

   b. Defendant's violations of the FDCPA as alleged herein;

   c. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

   d. Defendant's use of an artificial or prerecorded voice in its telephone calls to consumers;

   e. Defendant's practice of calling wrong or reassigned cellular telephone numbers;

      f.  Defendant's practice of attempting to collect debts that consumers do not owe;

      g.  Defendant's status as a debt collector as defined by the FDCPA;

      h.  the availability of statutory penalties; and

      i.  the availability of attorneys' fees and costs.

74.    Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

75.    Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 74 above.

76.    Section 227(b)(1)(A)(iii) of the TCPA provides in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*     \*     \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

77.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiffs' cellular telephone numbers, without their consent.

78.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs and the members of the TCPA Class are entitled to damages in an amount to be proven at trial.

## COUNT II
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

79.    Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 74 above.

80.    Section 227(b)(1)(A)(iii) of the TCPA provides in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

*       *       *

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

81.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice to place calls to Plaintiffs' cellular telephone numbers, without their consent.

14

82.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs and the members of the TCPA Class are entitled to damages in an amount to be proven at trial.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d

83.     Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 74 above.

84.     Section 1692d of the FDCPA provides in pertinent part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

85.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiffs in connection with the collection of consumer debts.

86.     Defendant did so by repeatedly dialing Plaintiffs' cellular telephone numbers for the purpose of attempting to collect debts that Plaintiffs did not owe.

**WHEREFORE**, Plaintiffs pray for relief and judgment as follows:

a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b)     Designating Plaintiffs as class representatives under Federal Rule of Civil Procedure 23;

c)      Designating Plaintiffs' counsel as class counsel under Federal Rule of Civil Procedure 23;

d)      Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e)      Enjoining Defendant from continuing to place telephone calls to Plaintiffs' cellular telephones, and from continuing to place calls to the cellular telephones of all TCPA Class members without prior express consent;

f)      Awarding Plaintiffs and members of the TCPA Class damages under 47 U.S.C. § 227(b)(3)(B);

g)      Awarding Plaintiffs and members of the TCPA Class treble damages under 47 U.S.C. § 227(b)(3);

h)      Adjudging and declaring that Defendant violated 15 U.S.C. § 1692d;

i)      Enjoining Defendant from further violations of 15 U.S.C. § 1692d with respect to Plaintiffs and the other members of the Debt Collection Class;

j)      Awarding Plaintiffs and members of the Debt Collection Class statutory damages pursuant to 15 U.S.C. § 1692k;

k)      Awarding Plaintiffs and members of the classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

l)      Awarding Plaintiffs and members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

16

m)      Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiffs are entitled to and hereby demand a trial by jury.


Dated: September 18, 2018                    Respectfully submitted,


                                             /s/Michael L. Greenwald
                                             Michael L. Greenwald
                                             **GREENWALD DAVIDSON RADBIL PLLC**
                                             5550 Glades Road, Suite 500
                                             Boca Raton, FL  33431
                                             Telephone: (561) 826-5477
                                             Facsimile: (561) 961-5684
                                             mgreenwald@gdrlawfirm.com

                                             Aaron D. Radbil
                                             **GREENWALD DAVIDSON RADBIL PLLC**
                                             106 East Sixth Street, Suite 913
                                             Austin, Texas 78701
                                             Telephone: (512) 322-3912
                                             Facsimile: (561) 961-5684
                                             aradbil@gdrlawfirm.com